IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SYLVIA W. SOSEBEE,               )<br>                                               )<br>                                               )     CIVIL ACTION NO. 0:05-788-GRA-BM<br>          Plaintiff,                      )<br>                                               )<br>v.                                            )     **REPORT AND RECOMMENDATION**<br>                                               )<br>JO ANNE B. BARNHART         )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY,                             )<br>                                               )<br>          Defendant.                  )<br>_____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The Plaintiff applied for Disability Insurance Benefits (DIB) on March 19, 2002, alleging disability commencing August 24, 2001 due to foot, knee, back, hip and arm pain as a result of fibromyalgia. (R.pp. 49-51, 70). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 2, 2004. (R.pp. 331-363). The ALJ thereafter denied Plaintiff's claim in a decision issued December 14, 2004. (R.pp. 13-21). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 4-6).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that



there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was forty-six (46) years old when



she alleges she became disabled, has a tenth grade education with past relevant work as an electronic parts inspector, quality inspector, tool crib worker, and machine operator. (R.pp. 49, 76, 338, 340-341). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity to perform light[1] and sedentary[2] unskilled work with certain vocational limitations, and was therefore not disabled. (R.pp. 20-21).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to ask complete hypothetical questions that included a correct description of the Plaintiff's physical and mental restrictions. Plaintiff specifically complains that the ALJ's hypothetical to the vocational expert did not reference any limitations on Plaintiff's ability for concentration, persistence, or pace, even though the ALJ found that Plaintiff was moderately restricted in these areas in his decision. Plaintiff argues that she cannot perform any of the occupations identified by the vocational expert if she is

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

[2]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

3



moderately restricted in concentrating, persisting, and maintaining work pace. Plaintiff also complains that the ALJ failed to ask the VE to address the functional capacity assessment prepared by psychological consultant Dr. Edward Waller on June 25, 2002, which indicated Plaintiff had moderate restrictions in performing several areas of work related activity, nor was there any mention of the GAF score of fifty (50)[3] assigned to the Plaintiff by Dr. Deanna McNeil on June 17, 2002. Plaintiff argues that the ALJ's failure to give appropriate weight to the opinions of his own experts, Drs. Waller and McNeil, as well as his failure to include these physician's findings in his hypothetical constitute reversible error. Finally, Plaintiff also argues that the ALJ made an improper credibility assessment in assessing Plaintiff's subjective testimony as to the extent and nature of her impairments.

After careful consideration of the arguments presented and the record in this case, the undersigned finds and concludes that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act during the relevant time period, and that the decision of the Commissioner should therefore be affirmed. First, with respect to Plaintiff having a GAF score of fifty (50), the Commissioner correctly notes that this finding was based on a one time consultative evaluation performed in June 2002. (R.p. 167). The physician who made that assessment, Dr. McNeil, was not a treating physician, and the Commissioner further notes that a GAF score constitutes an assessment of a

---

[3] "Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). "A GAF score of 41 to 50 is classified as reflecting 'serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job.)'". Boyd v. Apfel, 239 F.3d 698, 702 (5th Cir. 2001).



person's condition at a particular time, and is not a longitudinal assessment. See DSM-IV, at 30-31; Rebeck v. Barnhart, 317 F.Supp.2d 1263, 1266-1267 (D.Ks. 2004).  No other treating or examining physician made any finding of such a serious impairment, or that such a condition could reasonably be expected to last for at least twelve consecutive months.  Hence, the ALJ was not required to include Dr. McNeil's 2002 assessment in his findings, nor was it reversible error for his having failed to do so. See (R.p. 15); Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence].

As for the ALJ's failure to specifically reference limitations on Plaintiff's concentration, persistence, or pace in his hypothetical to the VE, the undersigned does not find that the hypothetical was inadequate or incomplete in this regard.  While Plaintiff correctly notes that Dr. Waller concluded after a review of Plaintiff's records that she was moderately limited in her ability to maintain concentration and persistence or pace; see (R.pp. 148, 161); a finding also made by consultant Dr. D.C. Price on December 18, 2002; (R.p. 163);  Dr. Waller (as well as Dr. Price) both also specifically found that Plaintiff had sufficient concentration and persistence to carry out very short and simple instructions, and the ability to sustain an ordinary routine without special supervision. (R.pp. 149, 163). Dr. Waller further determined that Plaintiff was

> able to understand and remember short and simple instructions and is capable of performing simple tasks for 2+ hours without special supervision.  She could maintain a regular work schedule with missing an occasional day from work due to depression.  She is able to sustain appropriate interaction with peers and co-workers without significant interference in work. [Plaintiff] can make simple work related decisions, request assistance from others, and use available transportation. She can adhere to basic standards of hygiene and safety.

(R.p. 149).

Dr. Price again concurred with these findings. Id.



Consistent with these findings, the ALJ determined that Plaintiff was limited to the performance of simply, routine, competitive tasks, and in his hypothetical asked the VE to consider a person whose conditions would limit them to simple, routine, repetitive work. (R.pp. 19, 359). These findings and the hypothetical are also consistent with the ALJ's determination that, while Plaintiff's condition precluded the complex or detailed tasks required of skilled work, they do not prevent her from performing the simple, routine tasks involved in unskilled work.[4] (R.p. 18); Jones v. Massanari, No. 01-0024, 2001 WL 34382025 at *13-14 (W.D.Wis. Oct. 18, 2001) ["[T]he ALJ properly accounted for plaintiff's concentration and pace deficiencies by limiting her to simple, unskilled work with no high production goals or quotas."]; Chafin v. Commissioner, No. 04-10163, 2005 WL 994577 at *2, 4 (E.D.Mich. Apr. 26, 2005). Therefore, the hypothetical given by the ALJ to the vocational expert accurately reflected the findings of Dr. Waller, and the undersigned can find no reversible error in the hypothetical or in the ALJ's findings and/or treatment of Dr. Waller's opinion. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner]; Clarke v. Bowen, 843 F.2d 271, 272-273 (8th Cir. 1988) ["[t]he substantial evidence standard presupposes…a zone of choice within which the decision makers can go either way without interference by the courts"].

Finally, Plaintiff's argument that the ALJ failed to properly consider and evaluate her subjective testimony is also without merit. The ALJ discussed Plaintiff's subjective testimony, as well as that of her husband, and compared it to the medical evidence, specifically noting that none

---

[4]Unskilled work requires the ability to understand, carry out, and remember only simple instructions and duties. See generally, 20 C.F.R. §§ 404.1521, 1568(a).



of the orthopaedic specialists consulted by the Plaintiff had opined that she was unable to work, and that Plaintiff's own treating family physician "did not feel that disability was indicated." He also noted that Plaintiff does light housekeeping and attends to her own personal needs, including caring for pets, shopping, and preparing meals. Plaintiff also eats out on a regular basis, reads, and watches television for entertainment. See generally, (R.pp. 14-18; 123-130, 139-146, 169-172, 186, 188-189, 192-193, 222-223, 270-275, 293-294). Considered together with the psychological evidence previously discussed, the ALJ determined that Plaintiff could perform a restricted range of light and sedentary unskilled work which required the performance of no more than simple, routine tasks. (R.pp. 18-19). The undersigned can find no reversible error in the ALJ's treatment of Plaintiff's subjective testimony, or in his consideration of this testimony in conjunction with the objective medical evidence of record. See generally, Hays, 907 F.2d at 1456 [it is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Blalock, 483 F.2d at 775 [It is the claimant who bears the burden of proving her disability]; Hunter, 993 F.2d at 35 [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [finding that objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled]; Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; see also Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989) ["the mere fact that working may cause pain or discomfort does not mandate a finding of disability"].

      Finally, the undersigned notes that some of the jobs identified by the VE at the



hearing as being jobs that Plaintiff could perform with her limitations were semi-skilled jobs pursuant to the DOT, not unskilled, and that the VE did not explain this discrepancy, a fact conceded by the Commissioner in her brief. See Commissioner's Brief, at p. 9, nn. 16 and 17; see also (R.pp. 360-361). However, even assuming that the VE incorrectly testified (and the ALJ therefore incorrectly found) that Plaintiff was capable of performing those particular jobs, the remainder of the jobs identified by the VE[5] exist in significant numbers in the national economy to defeat Plaintiff's claim of disability. See Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988)[discussing requirement of identifying a significant number of jobs, and what constitutes a significant number of jobs]; Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir. 1999)["the regulations implementing the Social Security Act clarify this point: 'It does not matter whether . . . [w]ork exists in the immediate area in which you live . . . .'"]; Hicks v. Califano, 600 F.2d 1048, 1051, n.2 (4th Cir. 1979) ["We do not think that the approximately 110 jobs testified to by the Vocational Expert constitute an insignificant number."]; Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (174 positions are a significant number); Nix v. Sullivan, 744 F.Supp. 855, 863 (N.D.Ill. 1990) aff'd, 936 F.2d 575 (7th Cir. 1991) [675 jobs are a significant number]; Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-1479 (9th Cir. 1989) [1200 jobs was within the parameters of "significant numbers"]; Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) [500 jobs would be a significant number]; Hyatt v. Apfel, No. 97-2225, 1998 WL 480722 at **3 (4th Cir. Aug. 9, 1998) [650 jobs would be significant number]; Campbell v. Barnhart, No. 01-1429, 2002 WL 32595046 at *14 no. 12 (E.D.Va. Aug. 15, 2002), aff'd, 2003 WL 463511 (4th Cir. 2003); see also Klink v. Barnhart, No. 04-71402, 2005 WL 1028210 at *4 n. 2 (E.D.Mich. Apr. 18, 2005) [discussing

---

[5]Those jobs being packagers/cutter, packaging and filling machine operator, and nut sorter.

8



harmless error].

In sum, the undersigned finds no grounds in the ALJ's treatment of the vocational expert's testimony for reversal of the final decision of the Commissioner. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995); Lee v. Sullivan, 945 F.2d 687, 694 (4th Cir. 1991); see also Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1986).

### Conclusion

Substantial evidence is defined as " … evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 3, 2006

