UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Sylvia W. Sosebee, | |
| | C/A No. 0:05-00788-GRA-BM |
| Plaintiff, | |
| v. | **ORDER** (Written Opinion) |
| Jo Anne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and filed April 3, 2006. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying Disability Insurance Benefits ("DIB"). The magistrate recommends affirming the decision of the Commissioner.

I. Procedural Background

The Plaintiff applied for Disability Insurance Benefits (DIB) on March 19, 2002, alleging disability commencing August 24, 2001 due to foot, knee, back, hip and arm pain as a result of fibromyalgia. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 2, 2004. The ALJ thereafter

denied Plaintiff's claim in a decision issued December 14, 2004.  The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner.

Plaintiff then filed this action in United States District Court.  Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.  For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II.  Standards of Review

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  Defendant has made objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by

the Social Security Act is a limited one.  Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  However, if the Commissioner's findings of fact were based upon the application of an improper legal standard, they are not binding.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

3

III. Discussion

Plaintiff objects to the magistrate's recommendation, arguing that the Report and Recommendation "errs by recommending affirmation of a decision containing a vocational conclusion unsupported by substantial evidence." (Plaintiff's Objections p. 8). Specifically, Plaintiff argues that the ALJ failed to include an adequate description of Plaintiff's documented mental limitations in the hypothetical question to the vocational expert. For a vocational expert's opinion to be relevant, it must be in response to a proper hypothetical question that sets forth all of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). A hypothetical question offered to a vocational expert should only include those limitations borne out of the evidentiary record and accepted by the ALJ. *Evans v. Chater,* 55 F.3d 530, 533 (10th Cir. 1995). The ALJ has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986). Finally, the hypothetical question may omit non-severe impairments, but must include those that the ALJ finds to be severe. *Benenate v. Schweiker*, 719 F.2d 291, 292 (8th Cir. 1983).

Here, the ALJ asked the vocational expert the following:

"[A]ssume that I would find on the basis of the credible record before me for a full relevant period that the Claimant's demonstrated exertional impairments reflect a residual functional capacity for a wide range of light and sedentary work on a sustained basis. And assume further that the Claimant has demonstrated certain significant non-exertional impairments, principally relating to fibromyalgia, asthma, obesity,

4

> chronic back pain and she is status post-surgery of her left knee and she also suffers from depression. And assume further that these conditions would limit one to simple, routine, repetitive work in a clean environment, where there would be no climbing of ladders, scaffolds, work around hazardous equipment. One would be precluded from work requiring kneeling, squatting, crawling and more than occasional bending or stooping or climbing of stairs. And one would need a sit/stand option to change positions to accommodate one's pain. Taking into account those limitations and the Claimant's age, education and past relevant work experience would there be jobs one could do with those limitations?

(R.p. 359).

Plaintiff argues that the above hypothetical question fails to include any reference to restrictions on concentration, persistence, or pace. Her argument lacks merit. Plaintiff's mental limitations were adequately incorporated into the hypothetical question; it did not omit limitations regarding Plaintiff's moderate restriction of concentration, persistence, or pace as a result of her depression. The hypothetical question incorporated the only limitation supported by the record with regard to her mental impairment, the restriction to simple, routine, repetitive work. *See Howard v. Massanari*, 255 F.3d 577, 581-82 (8th Cir. 2001) (finding that the hypothetical "adequately capture[d]" the claimant's deficiencies, in part because the state psychologist who had made the finding also prepared a "functional capacity assessment" in which he concluded that the claimant could "sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function."); *see also Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001). In the case at hand, Dr. Edward Waller and Dr. D.C.

Price found that Plaintiff had sufficient concentration and persistence to carry out very short and simple instructions, and the ability to sustain an ordinary routine without special supervision. (R.pp. 149, 163). Consistent with this finding, the ALJ determined that Plaintiff was limited to the performance of simple, routine, repetitive tasks and fashioned the hypothetical question to the vocational expert to include those limitations borne out by the record.

Therefore, the Court agrees with the magistrate's finding that "the hypothetical given by the ALJ to the vocational expert accurately reflected the findings of Dr. Waller, and the undersigned can find no reversible error in the hypothetical or in the ALJ's findings and/or treatment of Dr. Waller's opinion." (Mag. Rep. & Rec. p. 6).

## IV. Conclusion

In light of Plaintiff's residual functional capacity and the vocational expert's testimony, the ALJ concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy. Therefore, the ALJ properly found she was not "disabled" under the Act, and this Court finds the ALJ's decision is supported by substantial evidence.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May   31   , 2006.